UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GRADY DURNELL,                          ) Case No.:  2:18-cv-2335
                                        )
                    Plaintiff,          )
                                        )
          vs.                           )
                                        )
STONELEIGH RECOVERY ASSOCIATES,         )
LLC,                                    )
                                        )
                    Defendant.          )
_____ )

### PLAINTIFF GRADY DURNELL'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Grady Durnell ("Plaintiff") respectfully submits this opposition to Defendant's Motion for Summary Judgment.

## I.        INTRODUCTION

Plaintiff brought this action as a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") because of Defendant's confusing and misleading collection letter. Defendant rests its summary judgment argument on the language in the statute. However, Defendant's argument has two flaws. First, although Defendant claims that it "reproduced the words from the statute in its letter", this is not true. Defendant's Memorandum in Support of its Motion for Summary Judgment, p. 1. In fact, there is a material deviation from the text of the statute. Second, regardless of the compliance with the language of the statute, the language alone is not enough to effectively convey the rights to the consumer. For these reasons, more fully explained below, summary judgment should be denied.

## II.      STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hines v. Consol. Rail Corp.,* 926 F.2d 262, 267 (3d Cir. 1991). A party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying the aspects of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party is entitled to all reasonable inferences in its favor. *Pignataro v. Port Auth. of N.Y. & N.J.,* 593 F.3d 265, 268 (3d Cir. 2010).

Importantly, a "motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.,* 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986)). An issue is genuine "only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248 (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2725, pp. 93-95 (1983)).

## III.     ARGUMENT

Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §

1692(a). At that time, Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

The FDCPA is a remedial statute; its language is construed broadly so as to effect its purpose. *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 996-97 (3d Cir. 2011); *Brown v. Card Serv. Ctr*., 464 F.3d 450, 453 (3d Cir.2006). The Third Circuit has adopted the "least sophisticated debtor" standard. *Id*. at 454. The least sophisticated consumer standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because it is a lower standard and a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor under the Act. *Wilson v. Quadramed Co*rp., 225 F.3d 350, 354 (3d Cir. 2000). This "standard is an objective one, meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the least sophisticated debtor would be." *Thomas v. Youderian*, 232 F. Supp. 3d 656, 672 (D.N.J. 2017).

To state a claim under the FDCPA, a plaintiff must allege that "(1) [she] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir.

2014); *see also Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005); *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014). Defendant does not contest the first three elements. Instead, Defendant's entire argument is that the letter does not violate the FDCPA as a matter of law. As shown below, Defendant's stance is incorrect and summary judgment should be denied.

**A. Defendant has Violated Several Provisions of the FDCPA**

Simply put, when reading Defendant's letter in its entirety, the least sophisticated consumer may be confused about his or her legally protected rights. The FDCPA requires that the consumer's validation rights must be effectively conveyed. 15 U.S.C. § 1692g(a)(3)-(5). Further, these validation rights may not be overshadowed or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. 15 U.S.C. § 1692g(b). Additionally, the FDCPA prohibits any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes the "use of any false representation or deceptive means." 15 U.S.C. § 1692(e)(10). By confusing the consumer about his or her right to dispute, the letter overshadows and is inconsistent with the disclosure of those rights. Similarly, by being inconsistent, Defendant's letter is deceptive and misleading.

1.    The Defendant's Letter Fails to Effective Convey that the Consumer's Dispute Rights are only Invoked if in Writing

Statutory notice under the FDCPA is to be interpreted from the perspective of the "least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991). The notice under Section g "must not only explicate a debtor's rights; it must do so effectively." *Id.* "A collection letter will not meet the requirements of the Act . . . where the validation notice is overshadowed or contradicted by accompanying messages or notice from the debt collector."

*Wilson v. Qadramed Corp.*, 225 F.3d 350, 355 (3d Cir. 2000). Thus, in order to be compliant with the FDCPA, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter." *Wilson*, at 354. The letter must also contain language that clarifies the debtor's rights in light of the other language in the letter.

This case presents an issue concerning the methodology required to invoke a consumers statutory dispute rights. The Third Circuit has made it unequivocally clear that in order to have legal effect, a consumer must dispute his or her debt in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991); *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 151 (3d Cir. 2013). Where the least sophisticated consumer is left believing that he or she can dispute her debt by calling a debt collector, the FDCPA is violated. *Graziano*, 950 F.2d at 112; *Caprio*, 709 F.3d at 151.

Defendant's collection letter leaves the least sophisticated consumer with two reasonable interpretations of the letter: that a dispute of the debt will have legal effect regardless of whether it is made in writing or orally. These interpretations are left with the consumer given Defendant's use of the word "*If*" by itself, and the fact that Defendant's letter presents a material deviation from the statutory text itself. Accordingly, given that the letter results in more than one reasonable interpretation, it violates the FDCPA. *Wilson*, at 354.

There has been only one case addressing the exact issue presented here—that repeated use of the conditional phrase "if" fails to convey the writing requirement—and that case found the letter to violate the FDCPA.. In *Cadillo v. Stoneleigh Recovery Assocs., LLC.*, 2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017), the Defendant's collection letter stated:

> If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after

receiving this notice this office will provide you with the name and address of the creditor.

     *Cadillo*, at \*2.

*Cadillo* held "The use of the word 'if' could arguably confuse the least sophisticated consumer as to whether a written response was required" to dispute the debt. *Id.* at \*7. Accordingly, *Cadillo* denied the Defendant's Motion to Dismiss finding violation of §1692g(a)(3).

     The reasoning of *Cadillo* is directly applicable to a violation of §1692g(a)(5) as well. There, in place of the statutory text required by §1692g(a)(5), the defendant added ambiguity to the validation notice by making a material deviation:

| §1692g(a)(5) | *Cadillo*'s Deviation |
|---|---|
| a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. | If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor. |

*Cadillo*'s deviation from the statutory text is clear. The language within § 1692g(a)(5) makes it explicit that the request must be in writing ("upon the consumer's written request") leaving no ambiguity for the least sophisticated consumer. Whereas, *Cadillo*'s letter intentionally used the conditional term "If" which is likely to result in a substantial difference to the consumer, and is more likely to lead the consumer to believe that a dispute may be made orally or in writing, than the correct language of the statute of itself.

     Defendant argues that its language is "almost identical" to the language used in the statute and "virtually identical" to the language in other Third Circuit cases. Defendant's memo, p. 4-5. The caveat in Defendant's brief is necessary, because the letter's language is not identical. In fact, there is a material departure from the statutory text and that is the insertion of the word

"if". Further, in regards to other decisions, they have not taken issue with the language because *Cadillo* is the first opinion to address the confusing language. Defendant mentions *Riccio v. Sentry Credit, Inc.*, 2018 U.S. Dist. LEXIS 41187 (D.N.J. Jan. 31, 2018). The court in *Riccio* never squarely addresses the *Cadillo* decision and the issue was never brought before the court. In contrast, this Court has had the full opportunity to examine the issue on its merits and should follow the reasoning in *Cadillo*. In fact, the Third Circuit has clearly found that it is not for the Court to decide whose interpretation is more reasonable, the Plaintiff's or the Defendant's. *Caprio*, at 151. Where a federal judge of this court believes there can be two different meanings to this phrase to the least sophisticated consumer, Third Circuit precedent requires that Defendant's motion be denied. In fact, in *Cadillo*, the defendant moved to have the denial of the Motion to Dismiss certified for immediate appeal. *Cadillo v. Stoneleigh Recovery Assocs., LLC*, 2018 U.S. Dist. LEXIS 21292, at *1 (D.N.J. Feb. 2, 2018). Judge Wigenton denied this request holding "Defendant has failed to show substantial ground for difference of opinion as to the Order's correctness." *Id*. at *3. In other words, there is clearly two different interpretations of the letter, rendering it deceptive and misleading. *Id*.

Defendant's arguments that this case presents a different standard from that addressed in *Cadillo* is wrong. FDCPA collection letter cases are decided as a matter of law. *See Flores v. Shapiro & Kreisman*, 246 F. Supp. 2d 427, 433 (E.D. Pa. 2002); *Jarzyna v. Home Props., L.P.*, 763 F. Supp. 2d 742, 748 (E.D. Pa. 2011) ("Whether the letter meets the 'least sophisticated debtor' standard is a question of law."). Therefore, there is no different standard for determining FDCPA letter violations at the Motion to Dismiss stage or at the Summary Judgment stage. Questions of law are to be decided equally at both stages, as no facts come in to play on standard collection letter language cases.

As in *Cadillo*, Defendant's material deviation and repeated use of the phrase "If" could confuse the least sophisticated consumer as to whether a written response was required in violation of § 1692g(a)(3). Thus, this Court can, and should, similarly decide the current collection letter violated the FDCPA as a matter of law at this motion for summary judgment.

Further, as in *Cadillo*, Defendant here has materially deviated from the clear text of §1692g(a)(5):

| §1692g(a)(5) | Defendant's Deviation |
|---|---|
| A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. | If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. |

In contrast to the unambiguous statutory text required by §1692g(a)(5), Defendant imposed ambiguity into this notice by using the phrase "if" where there is no room for condition. Defendant argues that the "if" is only to be used as a conditional clause. However, the letter fails to make that clear, especially considering *Caprio* requires a dispute to be in writing, something not made explicitly clear in the statutory text. Defendant further argues that dictionary synonyms for the word "if" would all make clear the function of the word. Even if that were true, Defendant choose to use "if" and not a clearer synonym. Thus, Defendant's letter violates §1692g(a)(5).

Alternatively, if the language used by the Defendant is not a *material* deviation, placement of statutory language within a collection letter is still not enough to clearly convey to the consumer his or her legal rights. The Third Circuit has made it abundantly clear that "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter --the required notice must also be conveyed effectively to the debtor." *Caprio* at 148; *Graziano*, at 111. To be conveyed effectively, the notice must adequately convey that to have legal effect, the consumer's

dispute must be in writing. *Graziano* at 112; *Caprio*, at 151. Hence, Defendant's reliance on a "verbatim" repetition of the statute is not satisfactory because the letter's use of the word "if" still would confuse a consumer as to the requirement of a written dispute. Therefore, Defendant's letter fails to adequately convey Plaintiff's dispute rights. If it is truly Defendant's argument that the placement of statutory language cannot result in a violation, this argument is in complete contradiction to clear Third Circuit precedent in *Graziano* and *Caprio*. Accordingly, under *Graziano* and *Caprio*, Defendant's letter fails to convey the required notice effectively to the debtor, and Defendant's motion must be denied.

        2.        <u>Defendant's Letter Does Not Clarify When the Thirty Day Period Begins</u>

Defendant's letter fails to adequately inform the consumer when their dispute rights end. The thirty days provided by statute to dispute the debt are the most important time for a debtor. It is *only* during these days that a consumer can demand validation of the debt from the debt collector. Accordingly, for the consumer's rights to be effectively conveyed, the consumer must fully understand when the thirty days begins and ends.

Defendant's use of the phrase "within thirty (30) days after receiving notice" is confusing because the term could have several different meanings. A collection letter "is deceptive when it can be reasonably read to have two or more different meanings". *Wilson*, at 354; *Caprio*, at 149. As explained in the Complaint, a consumer may believe "the date the letter was received" is the date on the letter, the date the consumer received the letter at his home, or the date the consumer first opened the letter/became aware of its existence. The difference in these understandings come in to play differently for various scenarios. For instance, a consumer who is on military deployment for six months would not know of the letter until he came home. At that point, would he or she still have thirty days to dispute the debt, or would that time have expired? The least sophisticated

consumer would come to different interpretations, which would prevent this notice from being clearly conveyed as required. Alternatively, a consumer could come home from a two week vacation to a letter and likewise be confused regarding the tolling of the thirty day period. In this case, if a letter is dated July 28, but arrives at the home of the consumer on August 1. If the consumer returns home on August 14, does the consumer have until September 14, August 28 or only until August 31? A consumer of any level of sophistication would undoubtedly be confused as to their rights in this. Likewise, in any number of scenarios, the consumer would not be able to pinpoint the exact day the thirty day period begins and ends, leading to multiple interpretations. Perhaps the biggest problem with this ambiguity is that the consumer may believe there is no point in disputing the debt because he or she feels that the statutory period is over and the debt is presumed valid as the letter suggests. Thus, Defendant's failure to clearly convey when the dispute is considered "received" overshadows the dispute notice, and is deceptive.

In further support of this, Defendant's own explanation of the phrase lacks clarity. Defendant states, "the least sophisticated consumer can only read this phrase after opening the letter, after they have come into possession of the letter." First, Defendant has just defined two distinct periods of time, for opening the letter and possession of the letter are not necessarily at the same moment. As explained above, a letter may be received at the consumer's home while he is away. In such a case, how can the consumer know when it was received in his home? Alternatively, if the consumer comes home two weeks later, does he have thirty days from then? The letter is simply not clear. If reasonably well educated scholars can disagree about the lawful meaning of possession, then the phrase is ambiguous and needs clarification to the least sophisticated consumer. Second, if Defendant in fact believed its own explanation, then it could never, with certainty, deny a dispute as being after the thirty day period because the debt collector would never

10

know when exactly a consumer actually read the letter. The only thing the debt collector could know for sure is the date that the letter was sent. The Defendant cannot anticipate the above scenarios of an absent consumer. Thus, in order for consumers to fully comprehend the extent of thirty day period, and in order to prevent debt collectors from refusing to respond to valid disputes, more clarification is needed. Accordingly, the letter is confusing and violates the FDCPA.

       3.       <u>Defendant's Letter is Deceptive and Misleading</u>

When there is an inconsistent statement in a letter, the letter is also deceptive and misleading. A collection letter is "deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Wilson*, at 354 (*citing Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996)). In this case, Plaintiff agrees that when allegations under 15 U.S.C. § 1692e(10) are based on the same conduct as § 1692g, the § 1692g claim is usually dispositive. *Caprio*, at 155. Therefore, because this letter violated Section g, the letter also violated Section e(10).

**<u>CONCLUSION</u>**

For the reasons presented herein, Defendant's motion to dismiss should be denied.


Dated: August 13, 2018.

                                Respectfully Submitted,

                                <u>/S/ Nicholas Linker</u>
                                Nicholas Linker
                                ZEMEL LAW LLC
                                1373 Broad Street, Suite 203-C
                                Clifton, New Jersey 07013
                                Tel: (862) 227-3106
                                Email: nl@zemellawllc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2018 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

_s/ Nicholas Linker
Nicholas Linker, Esq.