**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRADY DURNELL, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 18-2335 |
| v. | : | |
| | : | |
| STONELEIGH RECOVERY | : | |
| ASSOCIATES, LLC, | | |
| Defendant. | : | |

**January 7, 2019**                                                                 **Anita B. Brody, J.**

## MEMORANDUM

## I. INTRODUCTION

Plaintiff Grady Durnell "incurred a debt from the use of a card for primarily personal, family, and household purposes."[1]  Compl. ¶ 5.  Defendant Stoneleigh Recovery Associates, LLC ("Stoneleigh"), a debt collector, sent a letter to Durnell seeking to collect on the debt.  The collection letter that Stoneleigh sent to Durnell included the following validation notice:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within (30) days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl. Ex. A.

Durnell brings a claim against Stoneleigh for violation of the Fair Debt Collection Practices Act ("FDCPA") for failing: (1) to effectively provide the validation notice required by 15 U.S.C. § 1692g; and (2) to comply with 15 U.S.C. § 1692e, which prohibits debt collectors

---

[1] The parties do not dispute the facts of the case, which are taken from Plaintiff's Complaint.

from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." I exercise subject matter jurisdiction over Durnell's FDCPA claim pursuant to 28 U.S.C. § 1331. Stoneleigh moves for summary judgment. For the reasons set forth below, I will deny Stoneleigh's motion for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* In ruling on a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, the nonmoving party must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Both parties must support their factual positions by: "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The materials in the record that parties may rely on include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of

the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In opposing a motion for summary judgment, the nonmoving party may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

In essence, the inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## III. DISCUSSION

Durnell contends that the validation notice in Stoneleigh's collection letter violated two provisions of the FDCPA: § 1692g and § 1692e. Stoneleigh moves for summary judgment on Durnell's FDCPA claim, arguing that, as a matter of law, the validation notice complied with the FDCPA.[2]

### A. Section 1692g

"Congress adopted 'the debt validation provisions of section 1692g' to guarantee that consumers would receive 'adequate notice' of their rights under the FDCPA." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), *as amended* (Sept. 7, 2000)). "[I]n order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter-the required notice must also be

---

[2] To succeed on an FDCPA claim, a plaintiff must prove that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Stoneleigh only contends that Durnell cannot establish the fourth element—a violation of a provision of the FDCPA.

conveyed effectively to the debtor." *Wilson*, 225 F.3d at 354. Moreover, the validation notice must be viewed from the perspective of the "least sophisticated debtor." *Id.*

The least sophisticated debtor standard "is an objective one, meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015). "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Caprio*, 709 F.3d at 149 (alteration in original) (internal quotation marks omitted). "[T]he least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Wilson*, 225 F.3d at 354 (internal quotation marks omitted). "The debtor is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations." *Caprio*, 709 F.3d at 149.

"[A] collection letter 'is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Wilson*, 225 F.3d at 354 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30 at 35 (2d Cir. 1996)). Whether language in a collection letter violates the FDCPA is a question of law. *Id.* at 353 n.2.

"Paragraphs 3 through 5 of section 1692g(a) contain the validation notice—the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson*, 225 F.3d at 353–54. Section 1692g(a) requires a debt collector to provide the following information to the debtor in the validation notice:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)-(5).

The statutory language in § 1692g(a)(3) "does not expressly require that a debtor's dispute be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). Prior to *Graziano*, several courts had held that based on the language of § 1692g(a)(3), a debtor could dispute a debt orally or in writing. *Id.* (citing cases). In *Graziano*, however, the Third Circuit held that "given the entire structure of section 1692g," "subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing." *Id.*

Stoneleigh moves for summary judgment based on the contention that its validation notice did not violate § 1692g. Durnell contends that the validation notice violated § 1692g because it did not effectively convey that the debtor must dispute the debt in writing.[3] When viewed from the perspective of the least sophisticated debtor, Durnell argues that the validation notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing; therefore, it is deceptive because it can be read to have two different meanings, one of which is inaccurate. Stoneleigh responds that the language in the validation notice mirrors the statutory language and thus properly conveyed that the debtor must dispute the debt in writing.

The validation notice that Stoneleigh sent to Durnell stated, in relevant part:

---

[3] Durnell also argues that Stoneleigh violated § 1692g because the validation notice did not clarify when the thirty-day period to dispute the debt begins. I need not reach this argument, however, because I will deny Stoneleigh's summary judgment motion based on the conclusion that Stoneleigh violated § 1692g by failing to effectively convey in its validation notice that the debtor must dispute the debt in writing.

> *Unless you notify this office* . . . that you dispute the validity of this debt, . . . this office will assume this debt is valid. *If you notify this office in writing* . . . that you dispute the validity of this debt, . . . this office will obtain verification of the debt or obtain a copy of a judgment . . . . *If you request in writing* . . . this office will provide you with the name and address of the original creditor . . . .

Compl. Ex. A (emphasis added). Although the language Stoneleigh used in the validation notice closely tracks the statutory language in § 1692g(a)(3)-(5), in the Third Circuit, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter-the required notice must also be conveyed effectively to the debtor." *Wilson*, 225 F.3d at 354. Accordingly, a validation notice that mirrors the statutory language may not comply with § 1692g, if the notice does not effectively convey to the debtor how to dispute the debt.

Even though Stoneleigh's validation notice mirrors the language of § 1692g(a)(3), it fails to "expressly require that a debtor's dispute be in writing." *Graziano*, 950 F.2d at 112. Thus, Stoneleigh's validation notice does not provide a clear directive to the debtor that a dispute must be in writing. Rather, it only informs the debtor that: "Unless you notify this office . . . that you dispute the validity of this debt, . . . this office will assume this debt is valid." In *Graziano*, the Third Circuit did not rely on the express language of § 1692g(a)(3) to determine the existence of a writing requirement, but instead looked at "the entire structure of § 1692g" and the "strong reasons to prefer that a dispute of a debt collection be in writing" to infer that § 1692g(a)(3) implicitly required that a debtor dispute the debt in writing. *Graziano*, 950 F.2d at 112. The only information presented to the least sophisticated debtor to determine whether the debt must be disputed in writing is the validation notice. Because the validation notice does not expressly state that the debtor must dispute the debt in writing, the notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing.

The remainder of the validation notice reinforces the possibility that a debtor may dispute the debt either orally or in writing by stating that *"if"* the debtor disputes the debt in writing, *then* the office will obtain verification of the debt or obtain a copy of a judgment and provide the debtor with the name and address of the original creditor. "[R]eading the 'unless' and 'if' sentences together, the least sophisticated consumer could believe that either a written or oral response is sufficient to dispute the debt." Letter Order at 5, *Poplin v. Chase Receivables, Inc.*, No. 18-404 (D.N.J. Sept. 26, 2018), ECF No. 19. The least sophisticated debtor could reasonably believe that s/he could orally dispute the debt, but that *"if"* s/he wanted the office to obtain verification of the debt or obtain a copy of a judgment and provide the name and address of the original creditor, *then* s/he would have to put the request in writing. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. 17-7472, 2017 WL 6550486, at *3 (D.N.J. Dec. 21, 2017) ("The use of the word 'if' could arguably confuse the least sophisticated consumer as to whether a written response was required."). Consequently, the least sophisticated debtor could reasonably interpret the validation notice to allow a debtor to dispute the debt either orally or in writing.

Because the validation notice can reasonably be read to have two different meanings, one of which is inaccurate—that a debtor can dispute the debt orally—the validation notice is deceptive. *See Wilson*, 225 F.3d at 354. The ambiguity in Stoneleigh's validation notice conflicts with the Congressional intent behind the adoption of the debt validation provisions of § 1692g—"to guarantee that consumers . . . receive 'adequate notice' of their rights under the FDCPA." *Caprio*, 709 F.3d at 148. Stoneleigh's validation notice violated § 1692g of the FDCPA because it did not effectively convey that the debtor must dispute the debt in writing.[4]

---

[4] In the future, a debt collector could easily clarify the writing requirement in its validation notice with the addition of the following two words in the first sentence of the notice: Unless you notify this

**B. Section 1692e**

Stoneleigh also moves for summary judgment based on the contention that its validation notice did not violate § 1692e. Because the collection letter violated § 1692g, Durnell argues that it necessarily violated § 1692e as well.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Moreover, § 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15. U.S.C. § 1692e(10). "When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155 (internal quotation marks omitted); *see also Ferrulli v. BCA Fin. Servs., Inc.*, No. 17-13177, 2018 WL 4693968, at *2 (D.N.J. Sept. 28, 2018); *Reynolds v. Encore Receivable Mgmt., Inc*., No. 17-2207, 2018 WL 2278105, at *2 (D.N.J. May 18, 2018). Durnell relies on the same theories and allegations to support his contention that Stoneleigh violated § 1692g and § 1692e of the FDCPA. Because the validation notice in Stoneleigh's collection letter is deceptive and violated § 1692g, it also violated § 1692e(10).

---

office ***in writing*** within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. It is important to note, however, that while the Third Circuit has interpreted § 1692g(a)(3) to include a writing requirement, other circuit courts have rejected the Third Circuit's interpretation and have held that a debtor may dispute the debt orally or in writing. *See Clark v. Absolute Collection Serv., Inc*., 741 F.3d 487, 490 (4th Cir. 2014); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013); *Camacho v. Bridgeport Fin. Inc*., 430 F.3d 1078, 1081 (9th Cir. 2005). This circuit split places the debt collector in a bind. In the Third Circuit, a validation notice that *does not* inform the debtor that the debt must be disputed in writing violates the FDCPA, whereas a validation notice that *does* inform the debtor that the debt must be disputed in writing may violate the FDCPA in a jurisdiction that interprets § 1692g(a)(3) to allow a debtor to dispute the debt orally or in writing. *See, e.g., Camacho*, 430 F.3d at 1082 (holding that a "collection notice violated § 1692g insofar as it stated that disputes must be made in writing").

## V. CONCLUSION

For the reasons set forth above, I will deny Stoneleigh's motion for summary judgment.


s/Anita B. Brody

_____

ANITA B. BRODY, J.

COPIES VIA ECF ON  1/7/2019